UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALAN J. DUGAS, ) | |
| ) | |
|       Plaintiff ) | |
| ) | |
| v. ) | No. 2:12-cv-06-DBH |
| ) | |
| WARREN TURNER, et al., ) | |
| ) | |
|       Defendants ) | |

DECISION AND ORDER ON THE UNITED STATES'
MOTION TO DISMISS

The United States removed this lawsuit to federal court because it is a defendant. The United States' motion to dismiss is now granted and the lawsuit will be remanded to state court because there is no remaining federal jurisdiction without the United States as a defendant.

The Second Amended Complaint names the United States as a defendant but seeks no particular relief against the United States. It says only that "[a]s respects this matter, the United States has acted through the Internal Revenue Service," Second Am. Compl. ¶ 6 (ECF No. 36), that Turner, an individual defendant, "has failed to file required tax documents for Ware [the corporate defendant] with . . . the Internal Revenue Service," id. ¶ 14, that Turner "has allowed United States tax liens in excess of $12,000,000 to be placed on his assets," id. ¶ 15, and that "[t]he United States may claim an interest in Ware [the corporate defendant] by virtue of its lien or liens against Turner." Id. ¶ 18.

It asks the court to "[t]ake such action as respects the United States as is appropriate." Id. at 9.  Otherwise the Second Amended Complaint is an effort to dissolve the Ware corporation (of which the plaintiff and Turner, the individual defendant, are the only two shareholders) and to seek an accounting and damages from Turner.

I recognize that the plaintiff believes that eventually there will be a dispute between him and the United States because the United States has tax liens on property owned by Turner, the other shareholder, which extend to Turner's stock in the corporation.  (The United States says that it has no claims against the plaintiff or the corporate defendant or any property of the corporation, only against Turner.  Mem. in Support of Def.'s Mot. to Dismiss 1 (ECF No. 40-1.)  Thus, if the plaintiff is successful in persuading the state court, under Maine's corporate dissolution statute, to order that some or all of Turner's stock eventually be sold or transferred to the plaintiff (discretionary relief under 13-C M.R.S.A. § 1434(2)), the United States is likely *then* to intervene to assert its tax liens as prior to any interest of the plaintiff in such a transfer.  But as of now, the Second Amended Complaint makes no claim for Turner's stock that would implicate the United States' lien.

Under a purely pragmatic system of dispute resolution, we might proceed more quickly to this part of the dispute because undoubtedly it affects the underlying economics of this lawsuit.  But federal jurisdiction is rule-bound as a result of congressional enactments and appellate decisions.  At the trial level we must follow those rules for good or for ill.  Here, the United States has not waived its sovereign immunity from suit under 28 U.S.C. § 2410(a).  Contrary

to the plaintiff's argument, this is not yet a suit to partition property in which the United States claims a lien. Dissolution will give the plaintiff his own share of the corporation, and as to that share the United States claims no interest. Only when and if the plaintiff claims Turner's stock will the United States' lien be implicated.

As a result the United States' motion to dismiss is **GRANTED** and the lawsuit is **REMANDED** to Maine Superior Court (Cumberland County).

**SO ORDERED.**

**DATED THIS 12TH DAY OF SEPTEMBER, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**